E. R. WILLIAMS, ETC. v. BRIDGMAN-RUSSELL COMPANY.[1]

February 23, 1923.

No. 23,228.

**Offer and acceptance—"prompt shipment" from a different place.**

Plaintiff, a buyer of farm products at both Fergus Falls and Fargo, telegraphed from Fergus Falls to defendant at Duluth for an offer for a carload of eggs, "prompt shipment." Defendant telegraphed an offer "prompt shipment." Plaintiff telegraphed an acceptance, "shipment from Fargo this week." *Held* that the evidence made the question whether "prompt shipment," as used and understood by the parties, meant shipment within a week, and whether shipment from Fargo was a material variance from the offer, questions for the jury.

Action in the district court for St. Louis county to recover $720.92. The case was tried before Dancer, J., who at the close of the testimony denied motions for directed verdicts, and a jury which returned a verdict for the amount demanded. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Baldwin, Baldwin, Holmes & Mayall,* for appellant.

*Middaugh, Cuthbert & Smythe,* for respondent.

[1]Reported in 192 N. W. 341.

TAYLOR, C.

Plaintiff is a dealer in farm products at Fergus Falls, Minnesota, and also has a branch house at Fargo, North Dakota. He buys eggs and poultry from farmers and local dealers, and ships them in carload lots to the large cities. Defendant is a dealer in farm products at Duluth, Minnesota.

Plaintiff alleged that he made a contract with defendant for the sale to defendant of a carload of eggs at $7.20 per case; that pursuant to the contract he shipped the eggs to defendant at Duluth; that defendant refused to receive them; and that the price having declined he was compelled to resell them at a loss of $720.92, for which sum he demanded judgment. Defendant denied the contract. The trial resulted in a verdict for plaintiff for the amount claimed. Defendant appealed from an order denying its motion in the alternative for judgment or a new trial.

Defendant contends that the verdict is not sustained by the evidence. The contract was within the statute of frauds, and unenforceable unless a note or memorandum of it was signed by defendant. Plaintiff had previously sold other carload lots to defendant. On Monday, April 18, 1921, plaintiff, at Fergus Falls, telegraphed defendant at Duluth:

"Wire best offer on car current receipts. Prompt shipment."

Defendant telegraphed back on the same date:

"Offer seven twenty for car current receipts, prompt shipment. Wire answer."

Plaintiff testified that on the next morning, April 19, he called defendant's manager by long distance telephone and told him that the offer was accepted and that the eggs would be shipped from Fargo the last of the week, and that the manager said that would be satisfactory. Later, but on the same day, plaintiff telegraphed defendant:

"Confirm sale to you one car current receipts shipment from Fargo this week, seven twenty delivered."

On Wednesday, April 20, plaintiff wrote defendant:

"Our Fargo house advise that they will get your car of current receipts off either Friday or Saturday of this week as they have not quite enough on hand at the present writing to fill a car, but expect enough in by that time."

On Friday evening, April 22, defendant, by night letter, telegraphed plaintiff:

"Letter 20th just received, your wire 18th offered car current receipts prompt shipment. Do not want car this late date as have had to take care of our requirements elsewhere." ·

Other telegrams followed between the parties, plaintiff insisting that defendant must accept the shipment and defendant refusing to do so. The car in fact was loaded on Friday and left Fargo on Saturday, April 23.

Unless plaintiff accepted the offer made in defendant's telegram of April 18, no binding contract was made, for that is the only writing signed by defendant on which a contract can be predicated. Defendant contends that plaintiff's telegram of the nineteenth was not an acceptance of this offer, for the reason that the offer stated "prompt shipment", and plaintiff's telegram stated "shipment from Fargo this week." In support of this contention, defendant invokes the well-settled rule that an offer must be accepted as made in order to constitute a contract, and that an answer stating different terms is, in effect, a rejection of the offer as made. Defendant insists that the term "prompt shipment" imports immediate shipment, and that the term "shipment this week" is a variance therefrom. Plaintiff testified, and there was no testimony to the contrary, that the term "prompt shipment" was understood in the trade to mean shipment within a week. The court, in a clear, full and fair charge, submitted to the jury the question whether the expression, "prompt shipment," as used and understood by the parties, meant and included shipment "within a week." They found that it did, and we discover no sufficient reason for disturbing their conclusion. We think the evidence made the question a question of fact for the jury and not a question of law for the court.

The court also instructed the jury that plaintiff was not entitled to recover, if shipping the eggs from Fargo instead of Fergus Falls, made any material difference to defendant.

Defendant based its refusal to accept the shipment on the single ground that it was not made promptly, and made no objection to it on the ground that it came from Fargo. Plaintiff had a place of business in Fergus Falls and another in Fargo. Neither plaintiff's initial telegram nor defendant's offer mentioned the place of shipment. At the trial defendant made the point that, as plaintiff's initial telegram was from Fergus Falls, defendant had the right to assume that the shipment would be from that place, and that the statement in plaintiff's second telegram that the shipment would be from Fargo could not be deemed an acceptance of the offer as made for that reason. We think this question was for the jury and that it was submitted to them as favorably to defendant as the facts warranted.

Order affirmed.